**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TERRY DEWAYNE LEE, | ) | No. SACV 10-1678 R (CW) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | PETITION WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| A. HEDGPETH (Warden), | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This Petition for Writ of Habeas Corpus by a Person in State Custody was filed on October 15, 2010. The pro se Petitioner is a prisoner in state custody pursuant to a conviction in this district. On December 21, 2010, Respondent filed a motion to dismiss the Petition as wholly unexhausted, and lodged Petitioner's state court documents. In a minute order filed on January 5, 2011, the court ordered Petitioner to file an opposition. On January 21, 2011, Petitioner filed a motion to dismiss the Petition "without prejudice" so he can exhaust his claims in state court.

**PETITIONER'S FEDERAL HABEAS CLAIMS**

Petitioner asserts two grounds for federal habeas relief:

1. Petitioner's sentence violates Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2006).
2. Trial counsel rendered ineffective assistance by allowing Petitioner to enter a plea agreement for an upper term sentence in violation of Cunningham.

[Petition at 3.]

Respondent's motion to dismiss presents multiple grounds for dismissal or denial of the Petition: (1) the claims are wholly unexhausted; (2) the claims are untimely, and (3) the claims are without merit, primarily because Petitioner's sentencing occurred in 1998, well before Cunningham was decided.

**THE EXHAUSTION REQUIREMENT**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); see also 28 U.S.C. § 2254(b)-(c); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009). For a California prisoner, this generally means that the petitioner's claims must have been fairly presented in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999)(applying O'Sullivan to California). A claim has been fairly presented if a petitioner has "adequately described the factual basis for [the] claim," and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888 (citing Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

Unlike a "mixed" petition (containing both exhausted and unexhausted claims), a wholly unexhausted petition cannot be stayed pending exhaustion, but must be dismissed without prejudice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); see also Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002)(en banc); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)(once respondent moved to dismiss, district court was obliged to dismiss, as petition contained no exhausted claims).[1]

**SUMMARY DISMISSAL**

The court need neither grant a writ of habeas corpus nor order an answer to a habeas petition if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "[I]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Civil Rules (C.D. Cal.), L.R. 72-3.2.

---

[1] After the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Ninth Circuit reaffirmed this rule (that a wholly unexhausted petition must be dismissed, without prejudice, rather than stayed) in Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

In the present case, Petitioner is not entitled to federal habeas corpus relief because he has not exhausted state court remedies on any cognizable federal claims, as apparently admitted to by Petitioner in his request to have the Petition dismissed so he can exhaust his claims.  It is also clear that granting leave to amend at this time would be futile.[2]

**ORDERS:**

It is therefore **ORDERED** as follows:

1. The petition is **DISMISSED** without prejudice, and judgment shall be entered accordingly.

2. The clerk shall serve the order and judgment herein on the parties.

DATED:  __March 21, 2011__

_____
MANUEL L. REAL
United States District Judge

Presented by:

Dated: March 18, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[2] The additional grounds cited by Respondent also appear to warrant dismissal or denial of the Petition.